### No. 10,488.

### The State of Louisiana vs. Horace Thomas.

The ruling of a trial judge excusing a juror for cause, even when not specified, is not revisable by this Court on appeal.

A question, the object of which is to prove that a witness *expected* to meet a person at a certain place, is not one intended to establish an *opinion*, but a *fact* and is properly allowed to be put and answered.

In such case, the accused has the undoubted right to cross examine, so as to disprove the fact of the *expectation* and cannot complain when it does not appear that he was not allowed that privilege.

APPEAL from the Fifth District Court for the Parish of Ouachita. *Richardson*, J.

---

*Walter H. Rogers*, Attorney General, for the State, Appellee.

---

*Boatner & Lamblin*, for Defendant and Appellant.

---

The opinion of the court was delivered by

Bermudez, C. J. This defendant was indicted for shooting, while lying in wait, with intent to murder, after trial and conviction, he was sentenced to hard labor for life.

On appeal, he complains that the trial judge illegally excused a qualified juror and, allowed an improper and prejudicial question to be answered.

I.

Counsel for the accused urges that a competent juror, while under examination on his *voir dire*, was challenged by the State, on the ground that there was a pending indictment against him for trespass and that he was excused on that ground by the judge.

The bill of exception taken to the ruling contains a statement from the judge to the effect that, " the court did not excuse the juror for the cause stated; but did excuse him as a juror in the case upon suggestion of the District Attorney that, in the exercise of a sound discretion, the judge had the legal right to reject the juror, under the law and he was so rejected for reasons that, in the opinion of the judge, justified his action under the jury act of 1877. The defendants did not exhaust their peremptory challenges."

There is in the record a formal admission that neither the State, nor the defence exhausted their peremptory challenges on the trial.

While there exists an affirmance on the part of the accused, there is a denial by the judge that the juror was discharged because of a pending indictment against him.

If it were necessary to act upon the sufficiency of the cause of the excuse, there being a contradiction between the counsel and the judge, the Court would prefer to adopt the statement of the disinterested and unbiased official, as to the true reason on which he relied to excuse the juror; but it is immaterial what the motive was, which influenced the judge in the course which he pursued, as his ruling on such a point is not revisable on appeal.

It is true, that, in excusing jurors, a trial judge is bound to exercise a legal and not an arbitrary discretion and that when he does excuse a juror for cause, it is advisable for him to state his reasons for so doing; but it does not follow when he fails to do so, that the accused who may have wished the juror to sit on his trial, is entitled to complain, so as to have, in case of his conviction, the verdict quashed, the sentence reversed and the case remanded for a new trial.

It may occur that the trial judge, who stands between the State and the accused, may have good reasons not to make his motives publicly known and may take upon himself the responsibility of simply stating, in justification, that he excused the juror, in the exercise of a legal dis-

cretion for sufficient, valid cause.   Such reticence would not in itself, be censurable here.

The right to challenge must be exercised to *reject*, but not to *select* jurors.

The error, if any was committed, is not revisable on appeal.   State vs. Shields, 33 Ann. 1410; State vs. Farrer, 35 Ann. 317; State vs. Creech, 38 Ann. 480; State vs. Claire and Gibson, 41 Ann. 1067.

## II.

Counsel for accused further complains that the trial judge allowed a witness to answer a question, the purpose of which was to obtain his *opinion*, when no fact had been previously detailed on which his impression or opinion could be founded.

Leaving aside another discrepancy which the bill shows to have existed between the counsel and the judge, and conceding that the question put to the witness was designed as contended, to establish by the witness, that he expected to meet a certain person, at an assignation made in an anonymous note claimed to have been received by him, and that it had not been previously proved that the hand writing of the note was that of such person, or that no other fact had been established from which the witness could have knowledge as to the person who had solicited the meeting,—it is manifest, that the State did not propose to elicit any *opinion* or impression from the witness, but intended to show affirmatively *the fact* that he expected to meet the person at the appointed place.

The *expectation* of the witness was not an opinion, but a fact and it could have been ascertained or drawn out as such fact.

Besides, had the question had for object to obtain an opinion, it is clear that the expression of such opinion would have been entitled to no legal effect, even coming from an expert, unless accompanied by a statement of the fact or circumstances from which derived, and it is not shown that the accused was deprived of the right of examining the witness so as to show that he did *not* expect to meet *the* person.

It may be that he endeavored to do so and failed, for it is stated by his counsel, that the evidence elicited thereby was very prejudicial to him, because this was the only evidence to show a probable motive in the accused for the alleged commission of the offence for which he was under prosecution.

Judgment affirmed.