(126 So. 57)

No. 30362.

## STATE v. AUSTIN et al.

Jan. 6, 1930.

J. W. Elder, of Ruston, for appellants.

Percy Saint, Atty. Gen., Wm. J. Hammon, Dist. Atty., of Jonesboro, and E. R. Schowalter, Asst. to Atty. Gen., for the State.

O'NIELL, C. J. The defendants have appealed from a conviction and sentence for the offense of having whisky in their possession for sale. The record contains four bills of exception, one of which, however, was reserved to the overruling of a motion for a new trial, which motion was merely a repetition of the complaints made in the three other bills of exception.

The first bill was reserved to the overruling of an objection to the testimony of the sheriff, who was the state's principal witness. He testified that, at the time of making the arrest of the defendants, he was on the lookout for them, expecting them to come to the location of an abandoned whisky still. All of the paraphernalia had been removed from the place, except a pump and line of pipe which had been used for bringing water to the still. While the sheriff was watching the place, the defendants came and were in the act of removing the pump; whereupon the sheriff arrested them, and after a search of the premises found a barrel containing about 25 gallons of corn whisky, concealed in a thicket and at the end of a foot path leading from the still site, about 50 yards away. The attorney for the defendants objected to the sheriff's testifying that he knew of the existence of the still, and that the defendants were the individuals whom he expected to find there, when he was watching the place. The objection urged was that the testimony was a matter of hearsay and of opinion. We agree with the district judge that the fact that the sheriff knew of the existence of the still and the fact that he was expecting to find the defendants there, was

not amenable to the objection to hearsay testimony, or to the objection to the expression of an opinion on the part of the witness. If authority for such a plain proposition is wanted, it may be found in State v. Thomas, 41 La. Ann. 1088, 6 So. 803, viz.: "A question, the object of which is to prove that a witness expected to meet a person at a certain place, is not one intended to establish an *opinion*, but a *fact*, and is properly allowed to be put and answered."

■■ The two other bills of exception were reserved to the refusal of the judge to announce and maintain as propositions of law, first, that the finding of the defendants in the act of removing the pump from the place where the still had been, and the finding of the 25 gallons of whisky 150 yards away, was not sufficient evidence to convict the defendants of the offense of possessing whisky for sale, especially as they denied having knowledge of the whisky and contended that they were removing the pump for use at their home; and, second, that the possession of 25 gallons of whisky was not, of itself, sufficient evidence to convict a person of possessing the whisky for sale, although it might justify a conviction of the offense of possessing the whisky for beverage purposes. We agree with the district judge that the propositions stated, and requested to be maintained as propositions of law, were not abstract legal principles, but were mere conclusions as to the sufficiency or insufficiency of the evidence to justify a conviction. The trial judge, trying a person accused of a misdemeanor, and therefore without a jury, is not required, at the request of the defendant, to maintain, as a principle of law, a statement as to the sufficiency or insufficiency of the evidence to justify a conviction. When there is some evidence from which the judge may conclude that the

defendant is guilty, the question of sufficiency or insufficiency of the evidence is for him alone to determine in deciding the case.

The conviction and sentences are affirmed.