ODOM, Justice.
 

 . Defendant was prosecuted for operating a blind tiger in prohibition territory. On September 18, 1941, the grand jury of the Parish of Sabine returned an indictment against the defendant Dave Moody, charging that on or about the 15th day of November, 1940, he “did wilfully and unlawfully in a certain room or place in the Dave Moody Filling Station one mile north of the Town of Pleasant Hill, Sabine Parish, Louisiana, where the sale of intoxicating liquors is prohibited by law, keep and have intoxicating liquors for sale, barter, exchange' and .habitual giving away; and, therefore, he, the said Dave Moody, did then and there operate a blind tiger”.
 

 Defendant was arraigned on said charge and pleaded not guilty. He was tried, found guilty, and sentenced to serve 60 days in the parish jail and to pay a fine of $301 and costs of prosecution, and, in default of payment of the fine and costs, to be confined in the parish jail for an additional period of five months. From the conviction and sentence the defendant appealed.
 

 Act 8 of the Extra Session of 1915, page 15, defined a blind tiger “to be any place in those subdivisions of the State where the sale of spirituous, malt or intoxicating liquors is prohibited, where such spirituous, malt or intoxicating liquors are kept for sale, barter, or exchange or habitual giving away; or any place in those subdivisions of the State where the sale of spirituous, malt or intoxicating liquors is prohibited, where such spirituous, malt or intoxicating liquors are kept for sale, barter, exchange or habitual giving away in connection with any business conducted at such place”. Article 1350, Code of Criminal Procedure.
 

 Counsel for defendant say in their brief:
 

 ' “The only question presented upon this appeal is whether or not there was any legal evidence to support the verdict of finding the defendant guilty of operating a blind tiger on November 15, 1940. We, therefore, submit the matter to this Honorable Court with the following brief statement:
 

 “On September 6, 1940, the Sheriff of Sabine Parish, Louisiana, raided the place of business belonging to the defendant and seized a large quantity of liquor and beer.
 
 *1045
 
 Up until this time the defendant had admittedly been selling liquor and beer in Sabine Parish.
 

 “Within a week or ten days after the raid on September 6, 1940, the defendant was- summoned before the Grand Jury of Sabine Parish and testified against the Sheriff. Thereafter the defendant was charged by the Sheriff and his deputies with operating a blind tiger on November 15, 1940.
 

 “The contention of the defendant before this Honorable Court is that the record, which contains all of the testimony produced, shows that there was no evidence to support the verdict of guilty rendered against him, and that the verdict and sentence should be annulled.”
 

 All the testimony taken at the trial of this case was reduced to writing and is brought up in the record. Counsel for defendant concede that on appeal in criminal cases this court will not pass upon the question whether the evidence adduced at the trial is sufficient to support the verdict rendered by the trial court or a jury. But they invoke the well established rule that it will examine the record for the purpose of ascertaining whether any evidence at all •was adduced tending to support the verdict, and that, in cases where it is found that as a matter of fact no evidence at all was adduced against the defendant, a question of law arises which the court may decide. In support of their contention, they cite two recent cases, State v. Singley et al., 195 La. 519. 197 So. 218, and State v. Lassiter, 198 La. 742, 4 So.2d 814.
 

 Counsel’s contention is that there was no evidence at all in this case to support a conviction.
 

 We have read all of the testimony taken at the trial and find that there was some evidence adduced tending to show that defendant was guilty of the charge brought against him, which was that on or about November 15, 1940, he was operating as blind tiger, as defined by Act 8 of the Extra Session of 1915.
 

 The sheriff and his' deputies testified that on or about September 6, 1940, which was some two months before the date on which defendant was charged with operating a blind tiger at his place of business, a filling station, they raided his place and found a large quantity of intoxicating liquor. The defendant admitted on the stand that up to September 6 he had been selling liquor at his place of business. Counsel say in their brief that “Up until this time the defendant had admittedly been selling liquor and beer in Sabine Parish”. The defendant testified that he sold no liquor after September 6, and the sheriff and his deputies testified that they raided his place of business, several times after September 6 and found no intoxicating liquors until November 15, when his place was again raided after several complaints had been' made to them that defendant was selling liquor. They testified that on November 15, which was the date charged in the indictment, they' raided his place and found therein five half-pints of “straight Bourbon” and two half-pints of “Old Whit-by” whiskey, and seven cans of beer on ice.
 
 *1047
 
 They testified further that they made this raid because several complaints had been made to.them that the defendant was selling intoxicating liquors at his place of business. One of the deputies was asked whether he had “seen any evidence on prior occasions of drinking and liquor being kept at this place”, and he answered that he had. One of the deputies testified that,- when the place was raided on November 15, they found, in addition to the liquor and beer mentioned above, eight empty beer ckfls.'' The testimony shows further that, at the time of the trial, the defendant was under indictment for selling intoxicating liquors in dry territory, but that he had not, up to that time, been tried on that charge. Just when that indictment was returned was not shown by the record.
 

 The record clearly shows that there was some testimony adduced at the trial tending to show that defendant was guilty of operating a blind tiger on or about November 15, 1940, the date of the charge made in the grand jury indictment. Whether this evidence was sufficient to support the charge is a matter with which this court has no concern. In the case of State v. Gani, 157 La. 231, 102 So. 318, this court said:
 

 “Where there is some evidence to sustain the conviction, no matter how little, this court cannot pass upon the sufficiency thereof. That comes within the exclusive province of the trial judge and jury.*’
 

 Defendant and his wife testified that such liquor as was found on the premises was kept for their own personal use and not kept for sale. Evidently the judge did not believe them.
 

 The verdict and sentence are affirmed.
 

 ROGERS, J., absent.