McCALEB, Justice.
 

 The defendant is appealing from a conviction and sentence for unlawfully engaging in the business of handling and storing intoxicating liquor for the purpose of sale. During the course of the trial, he reserved eight bills of exception upon which he relies for a reversal of the judgment.
 

 Bills Nos. 2, 4, 5 and 7, which may be considered together, were taken to the judge’s action in admitting certain testimony over timely objection. The bills were reserved during the examination of four deputy sheriffs testifying for the State. In each instance, the district attorney propounded to each deputy sheriff the following question: “Have you had complaints that the defendant was engaged in the business of handling and storing intoxicating liquors for the purpose of sale?” Counsel for defendant objected to the questions on the ground that they called for the giving of hearsay evidence, which objections were overruled by the court.
 

 We think that the judge erred in not excluding the evidence on the ground that it was clearly hearsay. While it is not violative of the hearsay rule for a police officer to state that he made an arrest or a search and seizure as the result of information received or a complaint, the exception is limited to the statement of the fact — for, whenever he is permitted to explain the nature of the information or complaint, he does not testify to a fact but to what someone else told him. See 22 Corpus Juris Secundum, Criminal Law, § 729, page 1242, and cases there cited. The rule prohibiting the admission of testimony of this sort is stated by the United States Circuit Court of Appeals for the First Circuit in Enrique Rivera v. United States, 57 F.2d 816, 820, as follows:
 

 “In assignment number two, the defendants allege that the court erred in permitting the inspectors to testify to the confidential information on which they acted. Evidence of this character is admissible in hearings before the court on motions to suppress evidence claimed to have been secured without a search warrant and without probable cause. It is also admissible in trials before the court on motions to return property illegally seized. The cases cited in the government’s brief do not sustain the proposition that such evidence, which is clearly hearsay, is admissible before the jury upon the trial of the case.”
 
 [1]
 

 In Mattson v. United States, 8 Cir., 7 F.2d 427, testimony by a Federal agent as
 
 *61
 
 to complaints which had been received by him, which led to his visit to defendant’s premises, was held to be hearsay and improperly admitted.
 

 And in Smith v. United States, 70 App. D.C. 255, 105 F.2d 778, 779, the Court observed :
 

 “The rule seems to be that, while an officer may testify before a jury that, acting upon information, he did certain things,
 
 he may not go further and testify as to precisely what he was told about the particular place or the particular person.”
 
 (Italics ours.)
 

 The judge states in his per curiam in the case at bar that the witnesses were permitted to give only “yes” or “no” answers to the questions. It would have been proper for the judge to have ruled in this manner if the officers had been asked merely whether they had made the arrest and seizure as the result of complaints. However, the questions propounded were highly objectionable because they were coupled with the statement of the nature of the complaints, i. e.. “that the defendant was engaged in the business of 'handling and storing intoxicating liquors for the purpose of sale.” Hence, when the officers were permitted to answer “yes” it was not only a statement of a fact that they acted upon complaints but that they were informed that defendant was engaged in unlawful acts for which he was on trial.
 

 The State, in its brief, relies on State v. Austin et al., 169 La. 777, 126 So. 57, and State v. Moody, 201 La. 1042, 10 So.2d 890, in support of its contention that the evidence was not objectionable.
 

 These cases are inapposite. The only question presented in State v. Moody was whether there was any evidence to sustain the conviction. In State v. Austin, the attorney for the defendants objected to the testimony of the sheriff that he knew of the existence of a still and that the defendants were the individuals whom he expected to find there, when he was watching the place. The court held [169 La. 777, 126 So. 58] “that the fact that the sheriff knew of the existence of the still and the fact that he was expecting to find the defendants there, was not amenable to the objection to hearsay testimony, * * In other words, it was found that the evidence related to facts within the knowledge of the sheriff and not to anything someone told him.
 

 In view of our conclusion, it is unnecessary to consider the other bills of exception taken by defendant.
 

 The conviction and sentence appealed from are reversed and set aside and the case is remanded to the district court for a new trial.
 

 [1]
 

 The Court, however, did not reverse the verdict on this ground as the witnesses who supplied the information to the inspectors were produced. Under the circumstances, the Court held that the evidence, although hearsay, was not prejudicial,