232 So.2d 479

STATE of Louisiana

v.

Robert FAVRE et al.

No. 49907.

Feb. 23, 1970.

Rehearing Denied March 30, 1970.

E. A. Kunz, New Orleans, for appellants.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for appellee.

HAMLIN, Justice:

Robert Favre and Walter Holley were jointly charged by bill of information with having committed the crime of armed robbery on November 17, 1966. (LSA–R.S. 14:64) While incarcerated in Parish Prison, defendant Holley escaped. Thereafter, defendant Favre was tried separately, convicted, and sentenced as a multiple offender to serve forty years at hard labor in the Louisiana State Penitentiary. He appeals

to this Court from his conviction and sentence, presenting for our consideration one bill of exceptions reserved during the course of trial.

*Bill of Exceptions*

The bill of exceptions reserved was taken to the trial court's overruling defense counsel's objection to the admission in evidence of certain averred inadmissible hearsay testimony of Officer Frederick Williams with respect to his informants.

The State called as a witness Officer Frederick Williams who arrested the accused on December 2, 1966. The officer testified in detail as to the incidents of arrest; however, at the beginning of his testimony, the State propounded several questions to him with respect to informants. This testimony follows:

"Q. Officer Williams, on November 17, 1966, to what Division or District were you assigned?

"A. At the time we were assigned to a special squad in the Detective Bureau and more or less roamed at will handling robberies and burglaries.

"Q. On December 1, 1966, did you have the same assignment?

"A. Yes.

"Q. Officer, had you had occasion to investigate as of December 1, 1966, an armed robbery which occurred at 800 France Street?

"A. I didn't participate at the original investigation at the scene, we were conducting a follow-up investigation of that armed robbery.

"Q. Now did you have any information. * * *

"BY MR. GILL:

"I object if Your Honor. * * *

"BY THE COURT:

"Wait a minute, let him finish his question.

"BY MR. GILL:

"I think his answer may be in the question.

"BY THE COURT:

"Don't answer the question.

"BY MR. GILL:

"I ask that the jury be retired until we see what the question is going to be. .

"BY THE COURT:

"Step up to the bench, gentlemen, it's more convenient than retiring the jury.

"BY MR. GILL:

"Please, Your Honor, the question having been divulged to Your Honor, I respectfully object to his asking the question, and submit it to Your Honor.

"BY THE COURT:

"Objection is overruled.

"BY MR. GILL:

"I reserve a bill and I beg leave of Your Honor to again object when he asks the question.

"Q. Did you as of December 1, 1966, have in your possession any information relative to any of the facets of this particular case?

"A. Yes, sir.

"BY MR. GILL:

"If your Honor please, I know you didn't do it to be arbitrary, cause I know you, sir, but if Your Honor please, I respectfully object to that question and ask the gentlemen of the jury to disregard it and to declare a mistrial.

"BY THE COURT:

"The court will not do so and the objection is overruled and the motion for a new trial is overruled.

"BY MR. GILL:

"I would like to reserve a bill of exceptions.

"Q. Now I am not interested in anything that anyone may or may not have told you. However, I do ask you what was the source of the information which you had at that time?

"A. Originally?

"Q. Yes. .

"A. From a confidential informant.

"BY MR. GILL:

"Your Honor, this is hearsay, he said from a confidential informer. * * *

"BY THE COURT:

"He's asking the source of certain information. I think he's entitled to answer the question.

"BY MR. GILL:

"If Your Honor please, may my objection be reiterated and go to every question and every answer on that line so I won't be continually interrupting.

"BY THE COURT:

"To this line of questioning, yes.

"Q. As of December 1, 1966, did you know or were you seeking the arrest of any particular person for the armed robbery of 800 France Street?

"BY MR. GILL:

"Your Honor, this is more than that now, this is the * * *

"BY THE COURT:

"Would you state your objection, please.

"BY MR. GILL:

"This is a little stronger. I submit it again to Your Honor.

"BY THE COURT:

"I overrule your objection.

"BY MR. GILL:

"Same continuing objection.

"Q. Could you answer the question, please, officer?

"A. Yes, sir.

"Q. Whom were you seeking?

"A. The defendant, Robert Favre, as well as the second subject, Walter Holly.

"Q. And some of your information was received from a confidential informer?

"A. Yes.

"Q. Was it one confidential informant, two confidential informants, three * * *

"BY MR. GILL:

"Please, I submit this putting concrete under the foundation. I ask for a mistrial and I ask that all of this be made a part of my objection.

"BY THE COURT:

"The motion for a mistrial is overruled.

"BY MR. GILL:

"I reserve a bill and every other question like that, I object.

"Q. Would you answer the question, please?

"A. Yes, sir. There were two separate informants.

"Q. Did you know these informants?

"A. Yes, sir.

"Q. Had they ever given you any information in the past?

"A. Yes, sir.

"BY MR. GILL:

"Please, I submit this is not a rectifying school for the informant. That's certainly a double objective. I again reiterate my motion for a mistrial.

"BY THE COURT:

"Again, the Court overrules the objection.

"BY MR. GILL:

"Another bill of exceptions.

"Q. Had the information which you had previously received from these informants been reliable?

"A. Yes.

"BY MR. GILL:

"This is just hearsay.

"BY THE COURT:

"Well, you said that and your objection will be in my ruling. Now if I'm wrong, the Supreme Court will tell me I'm wrong. But there's no point in reiterating that it's hearsay. In my judgment it isn't and I happen to be the Judge. So will you kindly gracefully adhere to the Court's ruling and if I'm wrong, then you may take it up on appeal.

"BY MR. GILL:

"But I wanted my objections to go to everything and every question.

"BY THE COURT:

"You have done that five times, Mr. Gill.

"Q. Now has the information which you have received from these informants in the past resulted in the convictions of persons?

"A. Yes, sir."

In his bill of exceptions taken to the above ruling of the trial judge, defense counsel contended that hearsay testimony was admitted in evidence, and that he was denied his right of cross-examination and the right to traverse and contest the reliability of the said confidential informants. In this Court, counsel argues:

"The sole purpose of Officer Williams' testimony was to have the jury hear a police officer say that he had information from confidential informants that the defendant was guilty of the crime charged and that said informants were reliable.

"This is pure hearsay, in as much as Officer Williams is telling the jury that some one else told him that the defendant committed the crime for which he is being tried.

"The above is clearly distinguishable from the situation where a police officer testifies that as a result of information received from confidential informants or from complaints, a search and seizure was executed and evidence obtained. Here, the witness is testifying only as

to facts and as such is admissible. BUT, testimony at trial that the information received is that the defendant committed the crime charged is pure hearsay and entirely inadmissible, since the witness would not be testifying to facts he knows of his own knowledge but to what some one else told him, and that which he was told tends to directly connect the defendant to the crime for which he is being tried. State vs. Kimble, 241 [214] La. 58, 36 So. (2nd) 637.

"* * *

"In addition, the fact that the alleged informants were not present in Court deprived the defendant of his absolute right to cross examine and traverse said informants and to test their reliability and credibility."

The State contends that the ruling of the trial judge set forth in the following per curiam is correct:

"The Court fails to see where this testimony is hearsay since the witness did not state what someone else told him. He merely stated the fact that he had gained certain information from a confidential informer. The jury was to evaluate this fact along with the other facts in the case

"The question asked by the District Attorney was as to the source of the information. The Court feels that the answer that it was an informant was proper."

"Evidence is called hearsay when its probative force depends, in whole or in part, on the competency and credibility of some person other than the witness by whom it is sought to produce it; it is primarily testimony which consists in a narration by one person of matters told him by another. A clear example of hearsay evidence appears where a witness testifies to the declaration of another person for the purpose of proving the facts asserted by declarant." 31A C.J.S. Evidence, Sec. 192, pp. 519, 520. "Hearsay evidence is inadmissible, except as otherwise provided in this Code." LSA–R.S. 15:434. "The evidence must be relevant to the material issue." LSA–R.S. 15:435. "Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent." LSA–R.S. 15:441.

From Officer Williams' testimony, we gather that information furnished him by two confidential informants led to the arrest of defendant Favre. The officer definitely did not testify as to what the informants had told him. "While it is not violative of the hearsay rule for a police officer to state that he made an arrest or a search and seizure as the result of information received or a complaint, the exception is limited to the statement of the fact—for, whenever he is permitted to explain the nature of the information or

complaint, he does not testify to a fact but to what someone else told him." State v. Kimble, 214 La. 58, 36 So.2d 637. The officer did not reveal the names or identity of his informants; this he did not have to do. McCray v. State of Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62. It was certainly not incumbent upon the State to call the informants as witnesses in order for defense counsel to cross examine them. Officer Williams testified in effect that he had faith in his informants; he did not say what they had told him to motivate his faith. He said that his informants had given him prior reliable information; he did not say what the information was. As an experienced police officer, Officer Williams testified that information he had secured in the past had led to convictions. This was merely the officer's thought; he really did not know what provoked the juries' verdicts in prior prosecutions. He testified neither with respect to the prior convictions nor with respect to the prior information given him. We conclude that Officer Williams' testimony was not inadmissible hearsay. It was admissible testimony that went to the jury with that of a number of other witnesses for its evaluation in relation to the guilt or innocence of defendant Favre.

"Moreover, it seems to be well settled that an officer of the law may testify generally that acting upon information or

complaint he did certain things, but may not give the substance of the information received. This court in State v. Kimble, 214 La. 58, 36 So.2d 637, quoted with approval the following extract from Smith v. United States, 70 App.D.C. 225, 105 F.2d 778, 779: 'The rule seems to be that, while an officer may testify before a jury that, acting upon information, he did certain things, he may not go further and testify as to precisely what he was told about the particular place or the particular person.' In the instant case the officer was giving the background of the investigation and was not testifying as to any particular place or any particular person, and his answer did not tend to connect the accused with any criminal activity in the narcotics traffic or in any other field. Even if we concede that the testimony was hearsay, its admission would offer no ground for reversal because no prejudice resulted to the substantial rights of the accused. R.S. 15:557." State v. Green, 244 La. 80, 150 So.2d 571, 576.

We do not find that the trial judge abused his discretion or committed reversible error in overruling defense counsel's objection to Officer Williams' testimony. We do not find that the substantial rights of the accused were prejudiced, or that he suffered a substantial violation of

a constitutional or statutory right. Art. 921, LSA–C.Cr.P. The instant bill of exceptions is without merit. State v. Oliver, 247 La. 729, 174 So.2d 509.

For the reasons assigned, the conviction and sentence of Robert Favre are affirmed.

BARHAM, Justice (dissenting).

The police officer Williams testified that he had looked for the defendant Favre as one of those involved in an armed robbery because of information he had received from confidential informers. This testimony was admissible. However, the State then asked the officer whether these informants had previously been reliable and whether information received from them in other cases had resulted in convictions of other persons. This interrogation was not germane to the issue before the jury, called for irrelevant hearsay testimony, and could only be calculated to predispose the jury to believe the accused guilty because of the informers' opinion of his involvement in the crime. The exposition before the jury that reliable informants (not subject to cross-examination) believed the accused guilty of the crime charged was highly prejudicial and constituted a substantial violation of both constitutional and statutory rights of the accused.

I respectfully dissent.