448 So.2d 765 (1984)
STATE of Louisiana, Appellee,
v.
Freeman PALMER, Jr., Appellant.
No. 15,775-KA.
Court of Appeal of Louisiana, Second Circuit.
March 26, 1984.
Rehearing Denied May 2, 1984.
Writ Denied June 25, 1984.
*766 Indigent Defender Office by Donald R. Minor, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Richard Carney and Catherine M. Estopinal, Asst. Dist. Attys., Shreveport, for appellee.
Before PRICE, HALL and JASPER E. JONES, JJ.
JASPER E. JONES, Judge.
The defendant, Freeman Palmer, Jr., was convicted of distribution of a Schedule II Controlled Dangerous Substance, namely phenmetrazine, in violation of La.R.S. 40:967 A. He was sentenced to nine years at hard labor. He appeals his conviction and sentence relying on five assignments of error.[1]

FACTS
On March 24, 1982 at approximately 11:00 p.m. an undercover narcotics agent with the Shreveport Police Department, accompanied by a confidential informant, went to the Castle Hotel for the purpose of buying some preludin, a pill containing phenmetrazine. The agent was wired for sound. Two backup agents were stationed a short distance away equipped with electronic receiving equipment that empowered them to listen to verbal communications between the undercover agent and those with whom he conversed. The purpose of the agents being equipped with this electronic equipment was to enable the backup agents to become immediately aware of any emergency situation in which the undercover agent became involved in order that they could render the undercover agent assistance if needed.
At the hotel the informant introduced defendant, who was standing on the steps of the hotel, to the agent. The agent asked defendant about purchasing some preludin. Defendant asked the agent how many he *767 wanted and stated they were $25.00 each. After a short discussion the agent purchased two pills and departed. The backup agents heard this conversation but did not record it. The pills were taken to the crime lab and there positively identified as preludin.

ASSIGNMENT OF ERROR # 1
Defendant contends the trial court erred in denying his motion for a mistrial made during the State's opening statement.
During his opening statement, while attempting to explain what led the undercover agent to the location where he made the purchase, the prosecutor remarked:
"... One of the undercover agents ... acting pursuant to information that he had received about a certain person, that person being Freeman Palmer, Jr."
At this point defense counsel objected and moved for a mistrial on the grounds that the prosecution was referring to evidence that would be inadmissible because it was hearsay and referred to other crimes. The objection was overruled and the motion denied. When allowed to continue the prosecutor stated that the agent went to the area pursuant to information he had. The prosecutor never stated what the information was.[2]
The trial judge has wide discretion in controlling the scope and extent of opening statements. State v. McClinton, 399 So.2d 178 (La.1981); State v. Brown, 428 So.2d 438 (La.1983). A conviction will not be set aside for error therein unless substantial rights of the accused are plainly violated. State v. Skinner, 251 La. 300, 204 So.2d 370 (1967); State v. Brown, supra.
So long as a police officer does not testify to the substance and content of information he has received, it is permissible for him to testify that he acted pursuant to an informant's tip. Such testimony does not violate the hearsay rule nor does it reveal other crimes. See, State v. Kimble, 214 La. 58, 36 So.2d 637 (1948); State v. Green, 244 La. 80, 150 So.2d 571 (1963); State v. Vassel, 285 So.2d 221 (La.1973); State v. Sneed, 328 So.2d 126 (La.1976).
The prosecutor, during opening statement, merely stated that the agent acted pursuant to information he had. The content and substance of that information were not revealed and the statement would have been admissible if elicited from a witness. Defendant's rights were not prejudiced.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR # 5
Defendant contends the trial court erred in allowing a narcotics agent, who was qualified as an expert at trial in the area of the street use and abuse of phenmetrazine, to testify about the subject matter of his expertise. Defendant claims the testimony was irrelevant and inflammatory. He does not claim that the court improperly qualified the agent as an expert in the area or that the use and abuse of phenmetrazine is a subject matter not susceptible of expert opinion.
The supreme court has approved the admission of such testimony on a number of occasions. See, State v. Carter, 347 So.2d 236 (La.1977); State v. Stewart, 357 So.2d 1111 (La.1978); State v. Coleman, 406 So.2d 563 (La.1981); State v. Montana, 421 So.2d 895 (La.1982).[3]
*768 It was pointed out in Montana, supra at 899 that:
"The procedures and techniques for the illegal use and distribution of heroin are generally unknown to the public at large and may be explained to the jury to aid them in their search for the truth ..."[4]
There was a sound basis for the admission of the expert's testimony and it was neither irrelevant nor inflammatory.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR # 8
Defendant contends he was denied the right to confrontation because the trial court limited the scope of his cross-examination of a State's witness called on rebuttal.
During his case-in-chief defendant called two witnesses who testified they saw the alleged transaction wherein the undercover agent obtained the preludin. These witnesses testified it was not the defendant who sold the preludin pills to the agent. These witnesses stated a man, other than the defendant, sold them to the agent. At the close of defendant's case, the State called the agent on rebuttal. The State's questioning on direct was limited to whether the agent was sure it was defendant who sold him the pills and whether he observed the two defense witnesses in the area. Defense counsel attempted to cross-examine the agent on why the transaction was not recorded by the two backup agents. Pursuant to the State's objection, the trial court ruled that the scope of cross-examination on rebuttal was limited to matters gone into on direct examination during rebuttal. Defendant contends that on rebuttal he was entitled to cross-examine the agent on the entire case.
The control of evidence presented on rebuttal is within the sound discretion of the trial judge whose ruling will not be disturbed except in extreme cases. State v. Hills, 354 So.2d 186 (La.1977); State v. Green, 390 So.2d 1253 (La.1980). Defense counsel cross-examined the agent at length during the State's case-in-chief as to why the drug transaction was not recorded and he again pursued this line of questioning on recross. Defendant was not denied his right of confrontation and the trial court did not commit reversible error in limiting his cross-examination on rebuttal.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR # 10
Defendant contends the trial court erred in denying his motion for a mistrial made during the State's closing argument. While attempting to attack the credibility of the defense witnesses the prosecution remarked that they could not remember which night they saw someone other than defendant sell the pills to the agent. Therefore, they could be talking about two or three different nights. Defense counsel objected and moved for a mistrial on the grounds that the prosecutor's remarks were impermissible references to other crimes. The motion was denied.
Since the defense witnesses testified that defendant did not sell the pills and in fact committed no crime, the prosecutor's remark that they could be talking about different nights cannot be construed as a reference to other crimes.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR # 12
Defendant contends his sentence is excessive. He argues that since he only distributed two pills, the nine year sentence, which is only one year less than the maximum he could have received under La.R.S. 40:967 B(3), is nothing more than the needless imposition of pain and suffering.
The sentencing judge is given wide discretion in imposing a sentence within the statutory limits and a sentence imposed by him should not be set aside as excessive in *769 the absence of a manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982); State v. Feeback, 414 So.2d 1229 (La.1982); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983); State v. Morace, 446 So.2d 1274 (La.App. 2d Cir.1984).
The presentence investigation report prepared at the direction of the trial judge shows that defendant has an extensive history of criminal activity and at the time of the commission of the instant offense he was on probation for a prior felony conviction. From this information the trial judge was justified in concluding that defendant was likely to commit another offense. Furthermore, the distribution of a Schedule II substance is a serious offense. Cf. State v. Tully, supra; State v. Morace, supra. These aggravating factors outweighed the fact that defendant only distributed a small quantity of the drug. We find no manifest abuse of discretion in the sentence imposed.
Defendant also argues the trial judge improperly considered two aggravating factors. The first is, the court considered he may have been involved in other illegal drug transactions in the past. The presentence report shows defendant had a prior arrest on a distribution charge. We cannot say the trial judge manifestly abused his discretion by considering the defendant possibly may have distributed drugs before.
Defendant next contends the court improperly considered a number of arrests listed on the presentence report which did not result in convictions. Prior criminal activity is one of the factors listed in La.C. Cr.P. 894.1 to be considered by the trial judge in selecting a sentence. Prior criminal activity is not limited to convictions. State v. Brown, 410 So.2d 1043 (La.1982); State v. Washington, 414 So.2d 313 (La. 1982). Defendant does not contend that the information contained in the report is incorrect.
This assignment of error lacks merit.
Defendant's conviction and sentence are AFFIRMED.
NOTES
[1] In his assignments of error filed with the trial court defendant alleged twelve errors. He only briefed and argued five. Assignments of error neither briefed nor argued are deemed abandoned and are not considered. State v. Buxton, 416 So.2d 71 (La.1982); State v. Rowe, 416 So.2d 87 (La.1982); State v. White, 446 So.2d 1317 (La.App. 2d Cir.1984).
[2] During his direct examination of the agent, the prosecutor asked what led him to be in the area. Defense counsel objected to the question before the agent answered and moved for a mistrial. The objection was overruled and the motion denied. When he was allowed to continue, the prosecutor abandoned this line of questioning. Since the question was never answered defendant was not prejudiced by the mere asking of the question.
[3] We note that in Montana, supra the defendant's conviction was reversed because of certain aspects of the expert's testimony. The expert gave his opinion on the ultimate issue of fact, the defendant's guilt. Here, nothing in the expert's testimony could be construed as having bearing on defendant's guilt or innocence.
[4] In ruling that the testimony was here relevant, the trial court echoed these sentiments:

"[The jury is] entitled to know how this thing is used, ... These people are not wise to the ways of the street ..."