KNOLL, Judge.
Delister Williams appeals his jury conviction for violations of LSA-R.S. 40:966 A, possession of marijuana with the intent to distribute, and LSA-R.S. 40:967 A, possession of cocaine with intent to distribute. The sentencing court imposed ten years at hard labor on each conviction to run concurrently.
FACTS
On December 15, 1988, Deputy Theos Duhon of the Cameron Parish Sheriffs Office received information from a confidential informant that defendant had gone to Texas to pick up illegal drugs and that he would return to Cameron, Louisiana that day. Deputy Duhon told this information to two other deputies, Jerry Constance and Michael Hebert, of the Cameron Parish Sheriffs Office. At various times during the day, the deputies drove past defendant’s trailer, but did not find defendant home.
At approximately six o’clock p.m., Deputies Constance and Hebert stopped at defendant’s trailer when they noticed a vehicle parked outside. After defendant gave permission to the deputies to enter, Deputy Constance observed what appeared to be the butt of a marijuana cigarette in an ashtray in plain view in defendant’s living room. Defendant was then given his Miranda warnings and placed under arrest. After defendant refused to give consent for the deputies to search his trailer, Deputy Hebert went to the Sheriff’s Office to prepare a search warrant. In the meantime, Deputy Constance transported defendant to the Sheriff’s Office where he was booked on the charge of possession of marijuana.
After defendant was booked, he was returned to his trailer while Deputies Constance, Hebert, and Duhon executed the search warrant. The deputies found drug paraphernalia, 190 hand rolled cigarettes which contained a green vegetable-like material, and 98 small, clear plastic bags of a white powdery substance which appeared to be cocaine. Subsequent drug testing confirmed that the green vegetable-like material was marijuana and the white powdery substance was cocaine.
INFORMANT’S HEARSAY STATEMENT
Defendant contends that the trial court erred when it allowed the State to tell the jury in its opening statement[1] that the confidential informant told Deputy Duhon on the morning of defendant’s arrest that defendant was traveling to Texas to pick up drugs and then returning to Cameron.
Preceding the opening statements, the State orally filed a motion in limine,[2] seeking the trial court’s ruling on the admissibility of the out-of-court statement made by the unidentified confidential informant which it intended to introduce through the testimony of the Cameron Parish deputies. The trial judge, over defendant’s objections of hearsay and relevancy, permitted the State to refer to the informant’s statement, and cautioned the jury prior to taking testimony as follows:
“The explanation that Mr. Ware [defense counsel] mentioned and maybe Mrs. Ber-cier [counsel for the State] may have referred to as well is related to anticipated testimony which I think you will hear with the very first witness, in which that witness will relate to you what he received from a confidential informant. The informant, whoever that may be, won’t come here to testify. That informant won’t be put under oath. That informant won’t be subjected to cross examination. All these things add up to the fact ... or they add up to this; the testimony of that informant that we get *1033 through the witness who will be here is normally inadmissible and not to be used as evidence of its content. It’s not to be used by you as any proof of anything. We consider that incompetent evidence. However, the reason that the Court is letting it in through the testimony is to explain that it was the beginning of a sequence of events, and, without that beginning, there would be no logic to what happened afterwards. But keep in mind in your deliberations you at no time are going to consider the truth of what may have been said by this informant in weighing against the innocence of the defendant.”
During the testimony of the three deputies, defendant reurged his objection each time they began to testify about how the confidential informant led them to defendant. At the conclusion of the State’s case-in-chief, defendant reurged his objections and moved for a mistrial; both objections were overruled.
The State argues that the confidential informant’s tip, as explained in the opening statement and later repeated by the deputies at trial, was admissible. It contends that the statement was not hearsay, since it was not admitted for the purpose of proving that defendant went to Texas and returned to Cameron with drugs. Furthermore, the State argues that the hearsay statements were relevant to establish why the police were monitoring defendant.
It is well established that so long as a police officer does not testify to the substance and content of information he has received from a confidential source, it is permissible for him to testify that he acted pursuant to an informant’s tip. Such testimony does not violate the hearsay rule nor does it reveal other crimes. State v. Kimble, 214 La. 58, 36 So.2d 637 (1948). Nevertheless, it is impermissible for the police officer to go further and testify as to precisely what he was told about the particular place or the particular person. Id.; State v. Banks, 439 So.2d 407 (La. 1983). Applying this jurisprudence to the case sub judice, it is clear that the reference in the State’s opening statement which detailed facts from the informant’s tip was inadmissible hearsay since it went beyond the confines established by the jurisprudence, and was erroneously allowed into evidence. Likewise, the testimony from Deputies Du-hon, Constance, and Hebert about the particular facts provided by the informant was erroneously admitted by the trial judge.
Our next inquiry becomes whether such hearsay may be regarded as harmless error.
In State v. Banks, supra, the Louisiana Supreme Court held:
“The appropriate standard of review to be applied in determining the effect of the improper admission of evidence is whether ‘ “the court [can] ... declare a belief that [the error] was harmless beyond a reasonable doubt.” ’ The court must be able to determine, beyond a reasonable doubt, that the improperly admitted hearsay did not contribute to the verdict.” (Citations omitted.)
The hearsay information injected into the case sub judice by the State and the police officers was not harmless error, but rather prejudicial error. The hearsay was the very first evidence that the jury heard, and was particularly damaging because the content of the informant’s tip was detailed for the jury in the State’s opening statement. Furthermore, the impact of the hearsay statements were reinforced when the police officers testified. The content of the hearsay testimony explained why the police were where they were, and why they were on the lookout for defendant. Without the hearsay testimony that defendant had gone to Texas, the jury might have had considerably more difficulty rejecting the defense testimony that defendant had been at his home in Alabama. Thus, we conclude that the hearsay statements were prejudicial to defendant and deprived him of a fair trial. Furthermore, without the presence of the informant at trial, defendant’s Sixth Amendment right to confront witnesses was certainly violated. See State v. Murphy, 309 So.2d 134 (La.1975); State v. Thompson, 331 So.2d 848 (La.1976).
*1034 DECREE
Defendant’s convictions and sentences are hereby reversed and set aside, and, this case is remanded to the district court for a new trial, consistent with the views expressed herein.
REVERSED AND REMANDED.

. The opening statements were not transcribed and ’ are not part of the record. Our factual recitation is based on statements made by the trial court and counselors at the close of the State’s case-in-chief, just prior to defendant’s motion for a mistrial.

. The hearing on the State’s motion in limine was either not recorded or not transcribed. Like the opening statements, our treatment is based on statements made by the trial court and counselors at the close of the State’s case-in-chief, just prior to defendant’s motion for a mistrial.