PER CURIAM.
The defendant, Lonnie Jones, was charged with and pled guilty to attempted second degree murder. In exchange for defendant’s guilty plea, the state agreed not to charge defendant as a multiple felony offender and agreed to dismiss unrelated theft charges pending against him. Following his guilty plea, the defendant was sentenced to the maximum penalty, 50 years imprisonment at hard labor. On appeal, defendant claims this sentence is excessive. Finding no merit to this sole assignment of error, we affirm.
On May 29,1990, the defendant drove his automobile alongside the vehicle being driven by his former girlfriend, Lisa Ann Smith, and fired a shotgun at her. Although Ms. Smith was struck in the left eye and on the left side of her face, fortunately the bulk of the shotgun pellets struck the roof of her car. Ms. Smith and her two passengers were able to safely maneuver her vehicle off of the highway and seek medical attention for Ms. Smith. Statements attributed to the defendant revealed that he had bought the shotgun on the date of the crime with the intention of killing Ms. Smith. Additionally, defendant stated that he would have fired further shots at Ms. Smith, but the shotgun jammed after the initial shot.
The record reveals that the trial court adequately complied with the sentencing guidelines of LSA-C.Cr.P. Art. 894.1. The trial court noted that the. defendant is 29 years old, single, and has no dependents. He has only a ninth grade education. The defendant admits to illegal drug (marijuana) use. The trial court also reviewed defendant’s extensive criminal history, revealing four felony convictions. In 1983, the defendant was convicted of attempting to manufacture marijuana. The defendant received a suspended three-year hard labor sentence and was put on probation. His probation was later revoked. In 1985 the defendant had two separate convictions, one in state court and one in federal court, for possession of a firearm by a convicted felon. The defendant received 18 months on the federal conviction and four years hard labor on the state conviction. In 1990 the defendant was convicted of simple burglary and sentenced to six years at hard labor. The defendant also has various oth *434 er criminal arrests which did not result in convictions.
In reviewing the circumstances of the offense, the trial court noted that the defendant’s actions were “cold, ruthless, and calculated.” The trial court noted that the victim suffered serious injuries to the left side of her face and particularly to her left eye. Ms. Smith, at the time of defendant’s sentencing, was still under medical care and was awaiting surgery to have glass removed from her eye. The presentence investigation report (PSI) reveals that Ms. Smith has already incurred over $5,000 in medical expenses. Additionally, Ms. Smith occasionally suffers nightmares as a result of the crime.
The defendant, however, claims that the trial court failed to consider that Ms. Smith’s actions may have induced defendant’s crime. Allegedly, Ms. Smith had recently aborted a baby of which defendant was the father. Regardless of the truth of this assertion, it hardly constitutes a mitigating factor. Although the victim’s aborted pregnancy may have angered the defendant, it in no way justified or excused his attempt to murder Ms. Smith.
Finally, defendant argues that the trial court failed to consider that defendant’s prior convictions did not involve violent crimes. We note that the trial court considered defendant’s propensity for possessing firearms, as evidenced by his two convictions for possession of a firearm by a convicted felon. Further, we note that the PSI reveals that, while never convicted, the defendant has been arrested for violent crimes in the past. In addition to arrests for aggravated assault and aggravated battery, the PSI reveals that the defendant was arrested in 1983 for attempted second degree murder for an incident in which he allegedly shot at his parents. Charges were dismissed, apparently at the request of his parents. Such criminal activity, although not resulting in convictions, is a proper sentencing consideration. State v. Palmer, 448 So.2d 765 (La.App.2d Cir. 1984), writ denied, 452 So.2d 695 (La.1984). The defendant’s argument that he has never been involved in violent criminal activity is unfounded.
We find that the maximum sentence of 50 years at hard labor is not excessive. Although maximum sentences are reserved for the most serious violations of the charged offense and for the worst kind of offender, State v. Quebedeaux, 424 So.2d 1009 (La.1982), the criteria meriting the maximum sentence were met in this case. The defendant purchased a shotgun with the sole purpose of killing Ms. Smith. He fired at her moving vehicle, endangering not only Ms. Smith and the other passengers in her car, but also any other persons then on the road. Fortunately, Ms. Smith avoided the brunt of the shotgun blast and was able to safely maneuver her vehicle off the road. The defendant also evidenced his desire to fire again at Ms. Smith, but his gun had become jammed. Clearly, this was among the most serious violations of the charged offense.
Further, in light of the defendant’s four felony convictions and his numerous other arrests, the defendant is among the worst kind of offenders. We additionally note that the defendant, although pleading guilty to the offense with which he was originally charged, nevertheless was the recipient of a favorable plea agreement. Theft charges against the defendant were dismissed and the defendant avoided being charged as a multiple felony offender.
For the above and foregoing reasons, we find that the 50-year hard labor sentence imposed on the defendant is not excessive. Accordingly, the sentence is affirmed.
AFFIRMED.