347 So.2d 236 (1977)
STATE of Louisiana
v.
Vera Mae CARTER.
No. 59228.
Supreme Court of Louisiana.
June 20, 1977.
Tilden Greenbaum, III, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
On April 12, 1973 defendant Vera Mae Carter was convicted by a jury for possession of seconal, a controlled dangerous substance, and subsequently sentenced to four years at hard labor.
On appeal only two assignments are briefed. Assignment of Error No. 2 concerns the denial of the motion to suppress. Assignment of Error Nos. 3 and 5 concern the qualifications of police officers as experts in matters concerning the sale of controlled dangerous substances. The other assignments reserved at trial are neither briefed nor argued, and are deemed abandoned.
Assignment of Error No. 2
At 9:15 p.m. on September 18, 1972 three plain-clothes officers in an unmarked automobile were driving near a playground in the City of New Orleans. They saw and recognized two women, whom the officers knew as narcotics users, inside the chain link fence between the sidewalk and the playing field. The two women were the defendant and a companion, Ola Mae Delahoussaye. There was no ball game at the time, but the playing field was lighted.
*237 The women were somewhere around thirty feet from the street where the police automobile passed, standing in a passageway between some temporary bleachers erected at the side of the playing field. The police were on the lookout for narcotics transactions in the playground, since it was known to be a place, near a housing project, where narcotics traffic occurred. The police saw paper money in the hands of one of the women, and concluded that they were observing a narcotics transaction. The police vehicle continued to an intersection, made a turn, and swung back around by the park. When they saw the women again, they were on the sidewalk. The police stopped the automobile adjacent to the women, disembarked and approached defendant and her companion. One officer, as he approached Ola Mae Delahoussaye, saw a handkerchief in her open palm. On the handkerchief was a cellophane packet containing a few red capsules, which he identified as seconal. The arrest followed.
The argument is made that there was an unconstitutional seizure and search, relying on State v. Saia, 302 So.2d 869 (La.1974).
The reliance is misplaced. In the case before us there was no seizure as a result of an artificially created "street encounter." The police had a right to approach the defendant and her companion. The defendant and her companion made no effort to hide the contraband, since they were unaware of the approach of the officers, who could tell from what they easily saw that a crime was being committed in their presence.
There is no merit in this assignment.
Assignments of Error Nos. 3 and 5
Defendant contends that the trial judge erred in accepting Officers Branham and Haab as experts in the procedures and techniques employed in the sale and exchange of controlled dangerous substances in the City of New Orleans. Defendant argues that the "field of illicit street deals" is not an appropriate area in which to permit expert testimony since it is vague and is not susceptible to scientific training or knowledge.
At trial Officer Branham testified that he had served five years on the narcotics squad and had engaged in surveillance and undercover work during that period. He had personally observed numerous drug transactions take place. Although he had never been qualified as an expert in the field of drug trafficking, he had been qualified as an expert on controlled dangerous substances on several occasions. Officer Haab testified that he had been with the narcotics division for four years and had engaged in undercover activities for eight months. He had special training on drug use and distribution in the form of lectures at the crime lab and on-the-job training in the field. In addition, he had participated in three to four hundred narcotics arrests and had qualified as an expert on narcotics in other cases.
R.S. 15:464 provides: "On questions involving a knowledge obtained only by means of a special training or experience the opinions of persons having such special knowledge are admissible as expert testimony." Thus, as long as the expert testifies about matters knowledge of which he has obtained through special training or experience, it is not necessary that the subject to be discussed be susceptible of scientific training or knowledge. See State v. Marks, 337 So.2d 1177 (La.1976); State v. Tornabene, 337 So.2d 214 (La.1976); State v. McCray, 327 So.2d 408 (La.1976). The knowledge of the procedures and techniques commonly used in the sale and exchange of controlled dangerous substances is not generally possessed by the public at large but requires special training or experience to acquire. Although the prosecuting attorney initially attempted to qualify the officers in the broad area of "drugs and the transactions surrounding drugs," after further questioning the officers were submitted as experts in the procedures and techniques employed in the sale and exchange of controlled dangerous substances in the City of New Orleans. Thus, the experts were accepted in a clearly defined *238 area which was not vague and which was appropriate for expert opinion.
R.S. 15:466 provides: "The test of the competency of an expert is his knowledge of the subject about which he is called upon to express an opinion, and before any witness can give evidence as an expert his competency so to testify must have been established to the satisfaction of the court." It has been consistently held that the competence of an expert witness is a question of fact to be determined within the sound discretion of the trial judge and that his rulings upon the expert's qualifications will not be disturbed absent a clear showing of an abuse of discretion. See e. g., State v. Marks, supra; State v. Tornabene, supra. Since the officers had a great deal of practical experience and knowledge in the techniques and procedures employed in the sale and exchange of controlled dangerous substances in the City of New Orleans, the defendant has not demonstrated that the judge abused his discretion in accepting the officers as experts in this area.
There is no merit in these assignments.
For the foregoing reasons, the conviction and sentence are affirmed.