351 So.2d 1193 (1977)
STATE of Louisiana
v.
Herman LEWIS.
No. 59807.
Supreme Court of Louisiana.
November 14, 1977.
Stephen R. Perez, Chalmette, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leander H. Perez, Jr., Dist. Atty., Gilbert V. Andry, III, Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
On June 3, 1973 an armed robbery was committed at a Burger King restaurant in St. Bernard Parish. The defendant, Herman Lewis, was arrested and charged with the offense, La.R.S. 14:64. Following a trial by jury, the defendant was found guilty as charged and sentenced to serve twelve years at hard labor.
On appeal defendant relies upon ten assignments of error for reversal of his conviction and sentence. However, Assignments of Error Nos. 1, 3, 4, 5, 6, 7, 8, 9 and 10 have neither been briefed nor argued and are thus considered abandoned. State v. Phillips, 337 So.2d 1157 (La.1976).
ASSIGNMENT OF ERROR NO. 2
Defendant contends that the trial judge erred in ruling that Sergeant Steven Lidell, of the Louisiana State Police crime laboratory, was qualified to give expert testimony in the field of fingerprint identification and comparison. Defendant urges that the record is devoid of facts which would justify the ruling of the trial judge.
The testimony reflects that, at the time of trial, Sergeant Lidell had been employed as a state police officer for fourteen years. He had been assigned to the crime lab for approximately ten years. During the first seven years with the crime lab he was engaged primarily in identifying fingerprint cards under the supervision of two fingerprint experts. His last three years with the lab had been devoted exclusively to casework in the field of fingerprint identification, analysis and comparison. He attended several seminars at LSU dealing with scientific investigation techniques, and he testified that fingerprint identification was one of the subjects included in the curriculum. He had regularly consulted FBI publications on fingerprinting and had read several books on the subject. Additionally, he had been accepted as a qualified expert in the field of fingerprint identification and comparison by district courts in several other parishes.
*1194 La.R.S. 15:466 provides the test for qualification of an expert witness:
"The test of the competency of an expert is his knowledge of the subject about which he is called upon to express an opinion, and before any witness can give evidence as an expert his competency so to testify must have been established to the satisfaction of the court."
The determination of the competency of an expert witness is a question of fact and the trial court's ruling will not be disturbed on appeal in the absence of manifest error. State v. Self, No. 59,400 (La. 1977); State v. Carter, 347 So.2d 236 (La. 1977); State v. Roach, 338 So.2d 621 (La. 1976); State v. Rogers, 324 So.2d 358 (La. 1976); State v. Ledet, 298 So.2d 761 (La. 1974).
The trial judge in this case found the evidence sufficient to satisfy him that Sergeant Lidell was an expert in the field of fingerprint identification. From our review of the record, we find that there was sufficient evidence to support the trial judge's ruling and that he did not abuse his discretion in accepting the witness as an expert in this area.
Furthermore, we find no errors which are discoverable by a mere inspection of the pleadings and proceedings. La.C.Cr.P. art. 920.
The defendant's conviction and sentence are, therefore affirmed.