384 So.2d 790 (1980)
STATE of Louisiana
v.
Byron PATTERSON.
No. 66729.
Supreme Court of Louisiana.
May 30, 1980.
*791 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
Robert Barnard, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
PER CURIAM:
Defendant, and a Terrance Butler, were charged by bill of information with the armed robbery of one Suresh Chawla, in violation of R.S. 14:64. A second count in the information charged Butler alone with another armed robbery. On March 4, 1979, at counsel's request, the trial court severed Butler from defendant's case. After trial by jury on March 19, 1979, defendant was found guilty as charged. The state thereafter filed an information against him under the multiple offender provisions of R.S. 15:529.1. On September 21, 1979, the trial court sentenced defendant as a second felony offender "as to each of the two (2) counts which are to run concurrently, for one hundred years ..." Defendant now appeals his conviction and sentence to this Court, urging that we review errors patent on the face of the record.
We affirm defendant's conviction. We note, however, that the trial judge evidently became confused by the original, two-count form of the information when he imposed two concurrent sentences for a single offense. La.C.Cr.P. Art. 872 provides that "[a] valid sentence must rest upon a valid and sufficient ... [v]erdict, judgment, or plea of guilty." La.C.Cr.P. Art. 872. A second, concurrent, one-hundred year sentence in this case is thus clearly illegal.
An illegal sentence may be vacated and corrected at any time. La.C.Cr.P. Art. 882; State v. Siegel, 354 So.2d 525 (La. 1978). Accordingly, while affirming defendant's conviction, we vacate his concurrent sentences to one-hundred years' imprisonment at hard labor, and remand to the trial court for resentencing and all proceedings not inconsistent with this opinion.
CONVICTION AFFIRMED; SENTENCES VACATED AND CASE REMANDED FOR RESENTENCING.