ALFORD, Judge.
Defendant, Gary Wayne Glasper, was charged with three counts of simple burglary of an inhabited dwelling in violation of LSA R.S. 14:62.2.[1] After pleading guilty to all three counts, defendant was sentenced on each count to twelve years at hard labor. The sentences were to run concurrently with each other and any other sentence that defendant might be serving at that time, without benefit of probation, parole or suspension of sentence as provided by law on each count.
There were two assignments of error designated on this appeal:
(1)The trial court erred when it denied defendant’s motion to suppress defendant’s confession.
(2)The trial court erred when it imposed an excessive sentence.
Defendant did not argue assignment number one, therefore it is considered abandoned. Rule 2-12.4, Uniform Rules, Courts of Appeal, State of Louisiana. With regard to assignment of error number two, defendant alleges that the trial court erred when it imposed an excessive sentence on defendant following his guilty pleas to three counts of simple burglary of an inhabited dwelling.
State v. Sepulvado, 367 So.2d 762 (La.1979), states that adequate appellate review must consider whether the trial judge gave due consideration to the statutory guidelines and has specifically stated his reasons for imposition of sentence as related to the particular defendant and the crime committed. While the trial judge need not articulate every mitigating and aggravating circumstance presented in LSA-C.Cr.P. art. 894.1, the record must reflect that the judge adequately considered the guidelines in particularizing the sentence to the defendant. State v. Guiden, 399 So.2d 194 (La.1981).
A review of the record reveals that the trial judge carefully particularized the sentence, considering each and every mitigating and aggravating circumstance as set out in LSA-C.Cr.P. art. 894.1 with respect to Glasper. The judge cited Glas-per’s lengthy arrest record as a juvenile in addition to specifically stating his reasons for the sentence, using the statutory guidelines. In summary, the record shows that the trial judge’s articulation of reasons for the sentence was more than adequate.
A sentence is excessive if it is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering. To determine whether a sen *913 tence is grossly disproportionate to the crime, the court considers the punishment and the crime in light of the harm to society caused by its commission and whether the punishment is so disproportionate to the crime as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980).
The trial court has wide discretion in imposing a sentence within the statutory limits, and the sentence is not to be set aside as excessive in the absence of manifest abuse of that wide discretion. State v. Jacobs, 383 So.2d 342 (La.1980).
Considering the alleged excessiveness of the sentence, we observe that the sentence imposed on the defendant is one-third of a possible maximum of thirty-six years on the three counts, or twelve years. The transcript of the sentencing hearing and the length of the sentence imposed convince us that the trial court gave the defendant full consideration and benefit of any mitigating circumstances. The sentence imposed by the district judge does not shock our sense of justice and is not excessive.
However, we find merit in the appellant’s contention that the trial court erred in interpreting LSA-R.S. 14:62.2 as requiring that the defendant be sentenced to twelve years without benefit of parole, probation or suspension of sentence. (Emphasis added). The Court in State v. Boowell, 406 So.2d 213 (La.1981), held that LSA-R.S. 14:62.2, as written, was ambiguous; hence a defendant, under the principle of strict construction of penal statutes, must be afforded the benefit of any such ambiguity. Under Boowell, where the sentences (of three years) were also to run concurrently, the Supreme Court allowed the ineligibility for parole, probation or suspension of sentence only “during the first year,” not the first year on each count (or a total of three years). Thus, under the Boowell construction, only the minimum sentence of one-year includes the ineligibility provision. A legal sentence for the crime of simple burglary of an inhabited building can be up to twelve years at hard labor, but the ineligibility for parole, probation or suspension of sentence is restricted to the first year.
We hold that the trial court erred in its interpretation of LSA-R.S. 14:62.2 by denying the defendant eligibility for parole, probation or suspension of sentence during the entire term of his sentence.
Accordingly, we hold that the sentence imposed herein was clearly illegal and must be vacated; and we remand the case for resentencing.
AFFIRMED IN PART; REMANDED FOR RESENTENCING.

. LSA-R.S. 14:62.2 provides:
Simple burglary of an inhabited dwelling. Simple burglary of an inhabited home is the unauthorized entry of any inhabited dwelling house, apartment or other structure used in whole or in part as a home or place of abode by a person or persons with the attempt to commit a felony or any theft therein, other than as set forth in Article 60.
Whoever commits the crime of simple burglary of an inhabited dwelling shall be imprisoned at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years.