448 So.2d 778 (1984)
STATE of Louisiana, Appellee,
v.
Floyd SMITH, Appellant.
No. 15815-KA.
Court of Appeal of Louisiana, Second Circuit.
March 26, 1984.
*779 Napper, Waltman, Madden & Rogers by Lee B. Waltman, Ruston, Edward L. Henderson, Grambling, for appellant.
Dan J. Grady, Asst. Dist. Atty., Farmerville, for appellee.
Before JASPER E. JONES and NORRIS, JJ., and McCLENDON, J. Pro Tem.
NORRIS, Judge.
Defendant, Floyd Smith, appeals a conviction of aggravated arson in violation of La.R.S. 14:51 and a resulting sentence of nine years imprisonment at hard labor without benefit of probation, parole, or suspension of sentence.

FACTS
At approximately 9:30 p.m. on October 8, 1981, defendant stood outside of the trailer home of his wife and her three children, two of whom also belonged to defendant, in the rain, appearing drunk and wet and demanding entry. The defendant and his wife, Rosa Smith, had been non judicially separated for approximately six months during which the defendant would often appear at her residence at night. When she would refuse to open the door, he would remain for hours knocking on the doors and walls.
However, on the night in question, the defendant complied with his wife's request that he leave the premises. Thereafter at approximately 1:30 a.m., she was awakened by noises which were emanating from under the trailer. When she also smelled smoke, she went to the door, looked out and saw the defendant sitting under the rear end of the mobile home. She told him to come out after which he got up and left staggering up the road in a drunken state. After his departure, Mrs. Smith looked under the trailer and observed smoke. She removed her children from the mobile home and called the fire department. When the firemen arrived, the blaze was apparent under the rear of the trailer.
Defendant was arrested at 2:45 a.m. at his residence which is located approximately one and one-half miles from the mobile home where he was found soaking wet and smelling of alcohol. He was charged with aggravated arson, tried, convicted and sentenced.

ASSIGNMENTS OF ERROR
Defendant assigns the following errors:

*780 (1) The Court erred by overruling the defendant's objection and allowing the witness Roy Thorpe to testify as an expert witness;
(2) The Court erred by overruling defendant's objection and allowing State to cross examine the defendant beyond the scope of direct examination in violation of La.R.S. 15:280;
(3) The Court erred by sentencing the defendant to nine (9) years incarceration without benefit of parole or probation. Said sentence was excessive based on the evidence. Therefore sentence with regard to incarceration should be reduced; and
(4) The Court erred by not ordering an acquittal based on the insufficiency of the evidence.
Only two of these four assignments are briefed on appeal, and this case was submitted for decision without argument. Assignments of error neither briefed nor argued are considered to be abandoned. State v. Dewey, 408 So.2d 1255 (La.1982); State v. Williams, 338 So.2d 672 (La.1976). Accordingly, we consider assignments of error numbers 2 and 4 to be abandoned and limit this opinion to those remaining.

ASSIGNMENT OF ERROR NO. 1
In this assignment of error, it is argued that the trial court erred in allowing Roy Thorpe to testify as an expert in the field of fire investigation because he does not hold any type of college or advanced degree and he has never been previously qualified as an expert witness in the field of fire investigation or any other field for that matter. Defendant contends that because Mr. Thorpe had never been qualified as an expert prior to giving his testimony in this case that the trial court was required to make a more thorough examination of his qualifications and competency than is usually required.
Mr. Thorpe is a deputy fire marshal who is required to pass a civil service exam and has been so employed for five years. Prior to his obtaining this position, he was with the Monroe Fire Department for two years and with the Ouachita Parish Fire Department for nine years. In connection with this employment history, he has attended several arson seminars and schools through the LSU Fireman Training Academy. He has also attended several seminars and schools in the field of fire investigation. While this witness has appeared in several other district courts as a witness in the field of fire investigation, he has never been qualified as an expert. The first responsibility of his job as a deputy fire marshal is to investigate fires in an attempt to determine the origin and cause of those fires. Mr. Thorpe stated that he had testified as to the origin of fires in cases in the past. The last course involving arson which the witness attended was a thirty hour course at LSU in November prior to this trial.
The trial court likened this witness to the policeman who is qualified to testify as an expert in the field of accident investigation and accepted him as an expert in the field of fire investigation.
It is a well settled rule that a trial judge is vested with wide discretion in determining the competence of an expert witness; competence of an expert witness is a question of fact to be determined within the sound discretion of the trial judge; and his ruling will not be disturbed in the absence of manifest error. State v. Stucke, 419 So.2d 939 (La.1982); State v. Lewis, 351 So.2d 1193 (La.1977).
La.R.S. 15:466 provides the test for the qualification of an expert witness [State v. Lewis, 351 So.2d 1193 (La.1977)]:
The test of the competency of an expert is his knowledge of the subject about which he is called upon to express an opinion, and before any witness can give evidence as an expert his competency so to testify must have been established to the satisfaction of the court.
There is no rule of law, statutory or jurisprudential, which requires that different standards be placed on those witnesses who seek to be qualified as an expert in a field for the first time. Rather, the same *781 standard of competency applies to all and a trial judge is only required to satisfy himself that the witness' competency has been established prior to qualifying him as an expert. Accordingly, defendant's contention that a more thorough than usual examination is required to establish competence in this case is meritless. See State v. Chatman, 337 So.2d 1106 (La.1976).
Likewise, defendant's contention that this witness' lack of a college or an advanced degree should bar his qualification is without merit. The Louisiana expert testimony statute follows the commentators in recognizing that not only special training but also experience can qualify an individual as an expert on certain matters. State v. Short, 368 So.2d 1078 (La.1979).
In light of the facts related herein concerning the witness' training and work experience, he was sufficiently qualified to testify as an expert on the subject for which he was presented. There has been no showing made that the trial judge abused his discretion in accepting the witness as a qualified expert in the field of fire investigation.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 3
Finally, defendant argues that the sentence of nine years at hard labor without probation, parole or suspension of sentence is excessive.
The penalty provision of La.R.S. 14:51 provides:
Whoever commits the crime of aggravated arson shall be imprisoned at hard labor for not less than six nor more than twenty years, and shall be fined not more than twenty-five thousand dollars. Two years of such imprisonment at hard labor shall be without benefit of parole, probation, or suspension of sentence.
The Supreme Court in State v. Boowell, 406 So.2d 213 (La.1981) was called upon to interpret a similar provision in La.R.S. 14:62.2 which provided:
Whoever commits the crime of simple burglary of an inhabited dwelling shall be imprisoned at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years.
In Boowell, the defendant complained that a sentence of three years at hard labor without benefit of parole, probation or suspension of sentence was illegal because it was not authorized by the applicable statute which required only that the minimum sentence include the ineligibility provision. The Supreme Court concluded that as written, the sentencing provision of La.R.S. 14:62.2 is ambiguous and that either the interpretation of the trial court or that of defense counsel could be considered to be reasonable. Therefore, the court applied the principle of statutory construction that penal provisions are to be strictly construed in favor of a defendant, who must be afforded the benefit of genuine ambiguity. Accordingly, the sentence was held to be illegal and the case was remanded for re-sentencing.
In the instant case, the penalty provision provides that "[t]wo years of such imprisonment at hard labor shall be without benefit of parole, probation or suspension of sentence." It is our opinion that the statute means exactly what it says; that is, that only two years of any sentence imposed shall be without benefit of parole, probation or suspension of sentence. [Compare the language in La.R.S. 14:42.1 which provides that "[a]t least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence."] Even were we to find that this provision was not clear and was ambiguous, then under the rationale of Boowell, we would still be compelled to reach the same result because its ambiguity should be construed in favor of the defendant who should be afforded the benefit of any genuine ambiguity. See also State v. Conley, 411 So.2d 448 (La.1982).
Accordingly, we find that the sentence imposed by the trial court of nine years at hard labor without benefit of parole, *782 probation or suspension of sentence is illegal. An illegal sentence is an error patent which may be recognized by this court ex proprio motu. La.C.Cr.P. Art. 920(2); State v. Jones, 341 So.2d 3 (La. 1976); State v. Boowell, supra. An illegal sentence may be vacated and corrected at any time. La.C.Cr.P. Art. 882; State v. Boowell, supra; State v. Patterson, 384 So.2d 790 (La.1980).
Accordingly, while affirming the defendant's conviction, we vacate his sentence and remand to the district court for re-sentencing in proceedings consistent with this opinion.
CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED.