SEXTON, Judge.
The defendant was originally charged with attempted second degree murder involving the February 2, 1983 shooting of Clarence Edward Brown. As a result of a plea bargain, the defendant plead guilty to aggravated battery on November 29, 1983 with the understanding that a five year ceiling on the sentence would be in effect. He was sentenced on July 13, 1983 to five years at hard labor and now appeals that sentence as excessive. We affirm.
The facts surrounding the shooting incident show that the victim owed the defendant some money. On the day in question, the defendant asked the victim to repay the money, but the two men got into an argument when the victim indicated that he could not do as the defendant requested. The defendant then left the scene and returned a short time later with a revolver. After another confrontation with the victim, the defendant shot two or three times in the victim’s direction, striking him once in the side. Immediately after the shooting, the defendant absconded but turned himself in a week later to the Caddo Parish Sheriff’s Department. In the meantime, the victim was released from the hospital after a two-day stay.
The defendant contends that he shot the victim because the victim was “coming at him” with his hand in his pocket, and that he was afraid of the victim. He said that they had previously argued over some money which he owed Clarence Edward Brown. The defendant further stated that the gun he used in the incident was in his possession on the date of the offense because he intended to sell it. However, the witnesses interviewed by the investigating officers indicated that it was Lewis who asked the repayment of money from Brown. They *686 gave no indication that Brown had a weapon or that he made any threatening gesture. In fact, one witness stated that as soon as the defendant began to shoot, Brown started to run but he stopped, and the defendant walked over and shot him in the side. The victim told the officers that he had stopped because he thought that the defendant was shooting blanks.
In arguing that the sentence is excessive, counsel for defendant primarily contends that the trial court failed to consider and sufficiently articulate the mitigating circumstances in favor of the defendant. It should be noted that in accepting the plea, the trial court indicated that it would “definitely consider” suspending a hard labor sentence and giving the defendant “local time in jail” as a condition of probation. However, the trial court indicated that such a circumstance was the best that the defendant could expect and specifically stated that no promises were being made to the defendant with respect to the sentence, other than to consider the pre-sentence investigation.
During the sentencing hearing, the Court initially noted that the defendant had no significant prior criminal history. Therefore, the Court was going to abide by the ceiling agreed to in the plea bargain. However, the probation officer recommended a period of incarceration. The record shows that the Court agreed with the recommendation and determined a period of imprisonment since a lesser sentence would deprecate the seriousness of the offense. The Court went on to consider the factors leading up to the plea bargain itself, the fact that the defendant obviously contemplated that his conduct would cause harm because of the manner in which the weapon was used, the fact that the defendant did not act under strong provocation, and the fact that the victim did not induce or facilitate the commission of the crime. Finally, the Court noted that “the remaining factors in the mitigating portion of LSA-C.Cr.P. Art. 894.1 basically [were] in favor of the defendant; but the factors against him [were] so great, that a period of incarceration [was] called for.”
The trial court’s articulation of mitigating circumstances was minimal. However, it is clear the trial court considered those circumstances and felt that they were outweighed by the seriousness of the offense. Moreover, the law is well-settled that the trial court’s failure to sufficiently articulate reasons for a particular sentence is not cause for a re-sentencing if the circumstances of the case support the sentence. State v. Taylor, 430 So.2d 686 (La.App.2d Cir.1983). Additionally, the defendant was sentenced to only half the maximum term provided by law for the offense of aggravated battery. The defendant also benefited substantially from the plea bargain arrangement in that it is clear that under the circumstances of this case there was a strong likelihood that he would have been found guilty of the offense of attempted second degree murder. In summary, the defendant returned to the scene of an argument and shot the victim without provocation as the victim was attempting to flee. Also it should have been obvious to the defendant that his conduct would cause serious harm. Under these circumstances, the sentence is well supported by the record, and should be affirmed. Taylor, supra.
Additionally, it appears that the statutory minimum sentence for this offense in the manner committed is seven years at hard labor without benefit of probation, parole or suspension of sentence. LSA-C.Cr.P. Art. 893.1 and LSA-R.S. 14:95.2. Of course, the defendant has entered into a valid plea bargain and the State is obviously-satisfied with the sentence imposed as a result. The State thus has not, and obviously should not, object. Such an objection by the State is necessary for us to have authority to correct an illegally lenient sentence. State v. Jackson, 452 So.2d 682 (La.1984). In other words, the defendant has not only benefited from the greatly reduced exposure as a result of the reduction in charge, he has also benefited from receiving a technically illegally le *687 nient sentence. For the reasons assigned, the sentence imposed is affirmed.
AFFIRMED.