PER CURIAM.
The defendant, James Michael Hayes, was charged by separate bills of information with simple burglary of an inhabited dwelling in violation of LSA-R.S. 14:62.2 and theft of an article having a value of over $1,000.00 in violation of LSA-R.S. 14:67. Pursuant to a plea bargain agree *872 ment he entered pleas of guilty to attempted simple burglary of an inhabited dwelling, LSA-R.S. 14:27 and 14:62.2, and unauthorized use of a movable having a value of over $1,000.00, LSA-R.S. 14:68. The cases were consolidated for sentencing and defendant was sentenced to three years at hard labor without benefit of parole, probation or suspension of sentence on the attempted burglary charge and three years at hard labor on the unauthorized use charge. The trial judge ordered the sentences to run concurrently. Defendant appeals his sentences as excessive. We reverse in part and affirm in part.
The provision that the entire three year sentence on the attempted burglary charge be without benefit renders the sentence illegal and it must be reversed. The penalty provision of R.S. 14:62.2 provides:
Whoever commits the crime of simple burglary of an inhabited dwelling shall be imprisoned at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years.
The supreme court has held that the ineligibility for parole, probation or suspension of sentence attaches only to the statute’s minimum one year term. State v. Boowell, 406 So.2d 213 (La.1981); State v. Conley, 411 So.2d 448 (La.1982). See also, State v. Sprinkle, 439 So.2d 1230 (La.App. 5th Cir.1983). Under the rationale of these cases the ineligibility requirement could only attach to six months of defendant’s sentence since he was charged with attempt. See R.S. 14:27 D(3). Although defendant does not raise the specific issue, an illegally severe sentence is an error patent that can be recognized by an appellate court on its own motion. LSA-C.Cr.P. art. 920(2); State v. Cain, 382 So.2d 936 (La.1980); State v. Patterson, 384 So.2d 790 (La.1980).
The theft charge, which was reduced to unauthorized use, arose from an incident in which defendant took a pickup truck belonging to another from a parking lot in West Monroe. He was apprehended in Olla, Louisiana when members of the Olla Police Department attempted to stop him on a routine traffic charge. Defendant fled and was apprehended after he wrecked the truck. This offense occurred approximately three months after defendant was arrested on the burglary charge involved in the instant case. He was apparently out of jail on bond at the time.
The presentence investigation report compiled at the direction of the trial judge reveals that defendant is classified as a first felony offender for sentencing purposes. However, he has been charged with and convicted on numerous misdemeanor charges since February, 1982. The presen-tence report further reveals that defendant, age 31, is married but separated and has five children. In addition he has a steady employment history.
The sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ denied, 439 So.2d 1074 (La.1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir. 1983); State v. Square, 433 So.2d 104 (La. 1983).
A sentence is constitutionally excessive in violation of Louisiana Constitution of 1974 Art. 1, § 20 if it is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983), writ denied, 438 So.2d 1112 (La.1983).
The sentencing guidelines of LSA-C.Cr.P. art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Tully, 430 So. 2d 124 (La.App. 2d Cir.1983), writ denied, 435 So.2d 438 (La.1983); State v. Sepulvado, 367 So.2d 762 (La.1979). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in LSA-C.Cr.P. art. 894.1, the record must *873 reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Hammonds, supra; State v. Cunningham, supra; State v. Smith, 433 So.2d 688 (La.1983).
At the outset we note that the trial judge adequately complied with the 894.1 guidelines in imposing sentence. He prepared and filed in the record a written list of the aggravating and mitigating circumstances relevant to the case and he further articulated his reasons for sentence at the sentencing hearing. This practice has been approved by this circuit and the supreme court. State v. Lemons, 430 So.2d 150 (La.App. 2d Cir.1983), writ den., 433 So.2d 1056 (La.1983); State v. Fergus, 418 So.2d 594 (La.1982), cert. den., 459 U.S. 1106, 103 S.Ct. 730, 74 L.Ed.2d 954 (1983).
We also find no manifest abuse of discretion in the sentence imposed. While three years is the maximum sentence that can be imposed for unauthorized use of a movable having a value of over $1,000.00, defendant’s extensive misdemeanor record and the fact that he committed two felonies within a short period of time supports the findings implicit in the trial judge’s reasons for sentence that defendant is in need of incarceration, a lesser sentence would deprecate the seriousness of the offense and there is an undue risk defendant would commit other offenses if placed on probation. We further note that defendant received considerable benefit from the plea bargain agreement. The maximum sentence to which he was exposed was reduced by more than two-thirds. If he had been convicted of theft of an article having a value of more than $1,000.00 he would have been exposed to a possible maximum sentence of ten years.
Defendant argues in brief that he should have received probation because he has a drinking problem and most of the offenses he has committed, including the two involved in the instant case, are alcohol related. As was pointed out in State v. Prejean, 379 So.2d 240 (La.1979), cert. den., 449 U.S. 891, 101 S.Ct. 253, 66 L.Ed.2d 119, reh. den., 449 U.S. 1027, 101 S.Ct. 598, 66 L.Ed.2d 489 (1980), voluntary intoxication is no excuse for criminal conduct and a history of alcohol abuse increases the likelihood that the defendant will commit other offenses. We find no error in the trial court’s refusal to grant probation based on defendant’s alcoholism.
Defendant’s sentence on the unauthorized use charge is AFFIRMED. His sentence on the attempted burglary charge is REVERSED and set aside as an illegal sentence and the case is remanded for re-sentencing on that charge.