LINDSAY, Judge.
The defendant, Felix Rodriguez, Jr., age twenty-six, was charged by bill of information with armed robbery, a violation of LSA-R.S. 14:64. Pursuant to a plea bargain agreement, defendant pled guilty to first degree robbery, a violation of LSA- *167 R.S. 14:64.1. The trial court sentenced defendant to twelve years at hard labor without benefit of parole, probation or suspension of sentence. Defendant’s appeal raises the issue of whether the sentence imposed is excessive. We affirm.
About February 20,1985, Cheryl Trexler, a clerk at the Amber Inn in Bossier City, Louisiana, observed the defendant enter the hotel lobby. Ms. Trexler recognized the defendant as the boyfriend of one of her co-workers. The defendant inquired about the price of a room. After being informed of the price he left because it was too high. The defendant returned shortly thereafter and stated that he wanted a room and “everything else.” He told Ms. Trexler that he had a pistol in his hand. His hand and pistol were covered by a bandana. Ms. Trexler stated that she would not give defendant anything until she saw a gun. Upon seeing the weapon Ms. Trexler handed the defendant $57.50 in. an Amber Inn envelope and $50 in a 7-Eleven bag. The defendant persisted that more money was available and that he would either get it or Ms. Trexler’s personal money. Ms. Trexler then gave the defendant $180 in a Bossier Bank and Trust bag. The defendant left after disconnecting the phones, taking Ms. Trexler’s keys and locking her in the building. However, Ms. Trexler was able to obtain an extra set of keys and contact police from a phone located outside the building. The defendant was later arrested in Wichita Falls, Texas on a warrant for armed robbery.
The test imposed by the reviewing court in determining excessiveness of a sentence is two pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. Art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir. 1983), writ denied, 439 So.2d 1074 (La.1983). The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with LSA-C.Cr.P. Art. 894.1. State v. Landos, 419 So.2d 475 (La.1982); State v. Lewis, 455 So.2d 685 (La.App. 2d Cir.1984). The important elements which must be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. McGhee, 469 So.2d 1051 (La.App. 2d Cir. 1985).
In this case, the reasons given by the trial judge for defendant’s sentence demonstrates an adequate compliance with LSA-C.Cr.P. Art. 894.1. First, the trial judge discussed the defendant’s personal history. The defendant is a twenty-six year old male who finished the eleventh grade and has made no attempt to obtain a GED. He received an honorable discharge from the Army after obtaining a rank of E-5. The defendant has never been married, although he lived with one woman for several years and presently has a three year old child. The couple now lives separate and apart and the defendant does not support the child in any way. Hence, imprisonment works no hardship upon any dependents of defendant. The defendant was involved in an automobile wreck in 1975 and received injuries which prevent several fingers from being fully extended and cause his hand to be stiff.
Defendant is a first felony offender with a juvenile record. The defendant attempted to hide his juvenile record by giving false answers as to his date of birth, social security number, etc. to agents preparing the pre-sentence investigation report. He later admitted giving this false information in order to “hide his lengthy juvenile record.”
*168 The trial judge also noted that this was a very serious offense. The clerk suffered mentally and emotionally; not only because of the fright involved in being the victim of an armed robbery but also because of a miscarriage resulting from the armed robbery. The defendant threatened serious harm and undoubtedly contemplated that his actions would create the threat of harm. There is no provocation, excuse or justification for the actions of the defendant. Likewise, the victim did nothing to induce or facilitate the crime. The defendant has made no attempt at restitution.
The trial judge believed that there would be an undue risk of additional crime by the defendant if he received probation or a suspended sentence. Moreover, he found that defendant was not likely to respond to probation or a suspended sentence, even if it were allowed by statute, and that he needed the correctional treatment provided in a custodial environment. These conclusions were based upon a finding that defendant’s conduct was a result of circumstances likely to recur and that his character and attitude indicated a likelihood of the recurrence of his criminal actions. Last, a lesser sentence would deprecate the seriousness of the crime committed.
The factors listed above demonstrate the trial court’s abundant compliance with LSA-C.Cr.P. Art. 894.1. The trial judge made a complete articulation of the factual basis for the sentence imposed.
Second, the reviewing court must determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1 § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Winzer, 465 So.2d 817 (La.App. 2d Cir. 1985). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Bonanno, supra; State v. Hogan, 480 So.2d 288 (La.1985). The trial judge has wide discretion in the imposition of a sentence within the statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983); State v. Hammonds, supra.
In selecting a proper sentence, a trial judge is not limited to considering only defendant’s prior convictions; he may properly review all prior criminal activity. State v. Pierson, 296 So.2d 324 (La.1984); State v. Palmer, 448 So.2d 765 (La.App. 2d Cir.1984), writ denied, 462 So.2d 695 (La.1984). In cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the trial court has great discretion in the imposition of sentence. This is particularly true in cases where a significant reduction in potential exposure to imprisonment has been obtained through the plea bargain process and the offense involves violence upon a victim. State v. Lanclos, supra; State v. Richardson, 446 So.2d 820 (La.App. 2d Cir. 1984). A plea bargain which brings about substantial benefits to a defendant is a legitimate consideration in sentence. State v. Smack, 425 So.2d 737 (La.1983); State v. Winzer, supra.
Under the initial charge of armed robbery, the defendant was exposed to a minimum sentence of five years and a maximum sentence of ninety-nine years at hard labor, all without benefit of parole, probation or suspension of sentence. By agreeing to plead guilty to first degree robbery, defendant limited his exposure to a maximum of forty years at hard labor without benefit of parole, probation or suspension of sentence. He was actually sentenced to twelve years at hard labor, without benefit; slightly over one-fourth of the maximum. Although the defendant contended that he was not armed with a dangerous weapon at the time of the offense, the victim stated the contrary and the trial judge correctly determined the defendant was actually armed when the offense occurred. The reasons articulated by the trial judge ade *169 quately support the imposition of a twelve year sentence.
For the reasons assigned, we find that the trial judge complied with LSA-C.Cr.P. Art. 894.1 in stating his reasons for the sentence imposed and that the sentence imposed is not unconstitutionally excessive. Thus, defendant’s assignment of error is meritless and the sentence imposed is affirmed.
AFFIRMED.