PER CURIAM.
The defendant, Travis Lee Wilder, Jr., age thirty-one, although charged with three counts of simple burglary of an inhabited dwelling, a violation of LSA-R.S. 14:62.2, as well as five counts of forgery and one count of conspiracy to commit forgery, violations of LSA-R.S. 14:72 and 14:26, pled guilty, pursuant to a plea bargain agreement, to one count of conspiracy to commit forgery and to two counts of simple burglary of an inhabited dwelling. He also agreed to testify against an accomplice in the commission of these crimes. In return, the remaining charges were dropped and defendant was not billed as a multiple offender. He was later sentenced to serve five years at hard labor for conspiracy to commit forgery and to ten years at hard labor without benefit of parole, probation or suspension of sentence on each count of simple burglary of an inhabited dwelling. All three sentences were ordered to run consecutively. Because we find merit in the complaint that the burglary sentences are illegal, we amend the sentences imposed for simple burglary of an inhabited dwelling and otherwise affirm.
In January of 1985, defendant participated in the commission of a number of burglaries of inhabited dwellings. Defendant was assisted by two accomplices. During the burglary of one of the homes, a number of checks of the Desert Counsel of Louisiana were stolen. The defendant then forged several of these checks amounting to almost $1,000. During the burglaries, the homes involved were damaged, one to the extent of $1,200 and another in the amount of $1,400.
The defendant raises three issues on appeal. First, whether the sentences imposed for simple burglary of an inhabited dwelling are legal. Next, the defendant contends that the trial judge abused his discretion in ordering the sentences to be served consecutively, and last, that the defendant’s sentences are unconstitutionally excessive.
As previously mentioned, Mr. Wilder was sentenced to ten years at hard labor without benefit of parole, probation or suspension of sentence on each count of simple burglary of an inhabited dwelling. The penalty provision of LSA-R.S. 14:62.2, provides:
Whoever commits the crime of simple burglary of an inhabited dwelling shall be imprisoned at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years.
The Louisiana Supreme Court has held that the ineligibility for parole, probation or suspension of sentence attaches only to the statute’s minimum one year term. State v. Boowell, 406 So.2d 213 (La.1981); State v. Conley, 411 So.2d 448 (La.1982); State v. Hayes, 476 So.2d 870 (La.App. 2d Cir.1985). Therefore, to the extent that the two ten year sentences imposed upon the defendant are without benefit of parole, probation or suspension of sentence beyond the first year of imprisonment, they are illegal.
Correction or remand for correction of an illegal sentence by an appellate court is authorized by LSA-C.Cr.P. Art. 882(A). When correction of an illegal sentence does not involve the exercise of sentencing discretion, there is no reason why the appellate court should not simply amend the sentence. State v. Fraser, 484 So.2d 122 (La.1986). In the instant case, the statute directs that only the first year of imprisonment shall be without benefit of parole, probation or suspension of sentence. Hence, we amend the two sentences imposed for the conviction of simple burglary of an inhabited dwelling to ten years at hard labor, one year of each sentence to be without benefit of parole, probation or suspension of sentence. The remaining issues will be considered in light of these amended sentences.
The defendant asserts that the trial court erred in imposing consecutive sentences. In pertinent part, LSA-C.Cr.P. Art. 883 provides:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a *435 common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently_
The law assumes that sentences imposed for offenses based on the same act or constituting parts of a common scheme will be served concurrently, unless the court directs otherwise. Here, not only did the court expressly direct that the sentences be served consecutively, the offenses for which the defendant was sentenced were not based on the same act or transaction nor did they constitute parts of a common scheme or plan. Habitual criminal activity is not part of a common scheme or plan. However, even where the charged offenses were part of a scheme or plan, they may be sufficiently separate and distinct to justify consecutive sentences: State v. Nelson, 467 So.2d 1159 (La.App. 2d Cir.1985). For instance, different acts of forgery, perpetrated very close in time, or pilfering from the same account, may qualify for imposition of consecutive sentences. See State v. Stoner, 438 So.2d 1275 (La.App. 3rd Cir. 1983), writ denied 444 So.2d 118 (La.1984) and State v. Nelson, supra.
In this case, the burglaries committed by the defendant are completely separate incidents, although the charge of conspiracy to commit forgery is related to one burglary. Because of the seriousness of the offenses and the distinct nature of each offense, we cannot say that the trial court abused its discretion in ordering consecutive sentences. It was within the trial court’s discretion to impose consecutive sentences. Further, as we will show hereafter, the consecutive sentences imposed in this case are not unconstitutionally excessive.
The test imposed by a reviewing court in determining the excessiveness of a sentence is two pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C. Cr.P. Art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ denied, 439 So.2d 1074 (La.1983). The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with LSA-C.Cr.P. Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Lewis, 455 So.2d 685 (La.App. 2d Cir.1984). The important elements which must be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. McGhee, 469 So.2d 1051 (La.App. 2d Cir. 1985).
In this case, the reasons given by the trial judge for the defendant’s sentence demonstrate an adequate compliance with LSA-C.Cr.P. Art. 894.1. First, the trial judge noted that there was no victim facilitation or provocation. Likewise, there was no justification for the offenses. Moreover, the defendant made no attempt to compensate the victims. The offenses committed were found to be very serious and it was found that a lesser sentence would deprecate their seriousness. The defendant has a prior criminal history. He is a parolee from Texas and is charged with a violation of parole in that state. The trial judge determined that defendant’s conduct is likely to recur and that his conduct is habitual. Importantly, leniency was provided in the plea bargain process.
The factors listed above demonstrate the trial court’s compliance with LSA-C.Cr.P. Art. 894.1. The trial judge made an ade *436 quate articulation of the factual basis for the sentence imposed.
Second, the reviewing court must determine whether the sentence is too severe given the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1 § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Winzer, 465 So.2d 817 (La.App. 2d Cir. 1985). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Bonanno, supra; State v. Hogan, 480 So.2d 288 (La.1985). The trial judge has wide discretion in the imposition of a sentence within the statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983); State v. Hammonds, supra.
In selecting a proper sentence, a trial judge is not limited to considering only the defendant’s prior convictions; he may properly review all prior criminal activity. State v. Pierson, 296 So.2d 324 (La.1984); State v. Palmer, 448 So.2d 765 (La.App. 2d Cir.1984), writ denied, 452 So.2d 695 (La.1984). In cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the trial court has great discretion in the imposition of sentence. This is particularly true in cases where a significant reduction of potential exposure to imprisonment has been obtained through the plea bargain process and the offense involves violence upon a victim. State v. Lanclos, supra; State v. Richardson, 446 So.2d 820 (La.App. 2d Cir.1984). A plea bargain which brings about a substantial benefit to a defendant is a legitimate consideration in sentence. State v. Smack, 425 So.2d 737 (La.1983); State v. Winzer, supra.
The defendant’s original sentencing exposure was ninety-six years plus a possible fine of $30,000. The defendant was initially sentenced to twenty-five years, approximately one-fourth of the punishment to which he was originally exposed. Furthermore, the factors mentioned by the trial judge in the imposition of sentence, especially defendant’s prior criminal activity, indicates the sentence imposed is not an abuse of the trial court’s discretion.
For the reasons assigned, we amend the sentences imposed on each count of simple burglary of an inhabited dwelling and direct that the defendant serve a period of ten years at hard labor on each count, one year of each being without benefit of parole, probation or suspension of sentence. The sentences are to run consecutively with each other and with the sentence for the offense of conspiracy to commit forgery, which is affirmed.
AMENDED IN PART AND, AS AMENDED, AFFIRMED.