KLEES, Judge.
The defendant, Donald Newsome, was charged on February 18, 1987 by bill of information with aggravated arson, a violation of R.S. 14:51. Newsome pleaded not guilty at his arraignment on February 24, 1987. On March 27, 1987, Newsome was found guilty as charged by the jury. He was sentenced on April 30, 1987 to twenty years at hard labor, the first two years to be served without benefit of parole, probation or suspension of sentence. From his conviction and sentence he appeals. FACTS
Defendant was the ex-boyfriend of Maxine Curry, whom he had dated briefly in November 1986. After Ms. Curry ended their relationship and became involved with someone else, the defendant continued to come by her apartment in the Desire Housing Project. On these occasions she called the police to make the defendant leave.
On January 11, 1987 Ms. Curry and her new boyfriend, Ishmel Wallace, were sitting on the bed in her bedroom playing cards, when the defendant began to throw flaming oil cans through her window, causing the plastic window panes to melt and the curtains to catch on fire. Her five sons and her brother were also in the apartment.
Wallace went to the door and told the defendant to leave. The defendant brandished a gun and threatened to kill everyone in the apartment.
The fire and police departments were called while Wallace and others attempted to put out the fire. The fire was subsequently put out and the defendant apprehended.
We have reviewed the record for errors patent and find none.
ASSIGNMENT OF ERRORS
In his sole assignment of error, the defendant argues that his sentence is excessive. The trial court imposed the maximum penalty for aggravated arson under R.S. 14:51; twenty years at hard labor, the first two years to be spent without benefit of parole, probation or suspension of sentence.
*135 A sentence is excessive if it is grossly out of proportion to the severity of the crime and is nothing more than the purposeless and needless imposition of pain and suffering. State v. Brogdon, 457 So.2d 616 (La.1984), cert. denied, Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862, reh. denied, Brogdon v. Louisiana, 473 U.S. 921, 105 S.Ct. 3547, 87 L.Ed.2d 670 (1985).
In determining if a sentence is excessive, the appellate court must first review whether the trial judge follows the sentencing guidlines, the sentence must not be set aside unless the trial judge has abused his wide sentencing discretion. State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal after remand, 446 So.2d 1210 (La.1984).
In this case, the trial judge followed the C.Cr.P. 894.1 guidelines. The judge noted that the defendant was a twenty-two year old, single construction worker whose criminal history included arrests for battery, resisting arrest, aggravated assault, disturbing the peace and battery upon a police officer. He further commented on the serious nature of the crime evidenced by defendant’s threats to kill everyone in the apartment, including Ms. Curry’s five sons, while armed with a gun. He also commented on defendant’s lack of remorse and hostile, uncooperative attitude. He further found that a lesser sentence would deprecate the seriousness of the crime, the “enormity of which boggles the mind” since the defendant “made a serious attempt to burn to death five young children and several adults”.
Few decisions are reported that address the appropriateness of sentences imposed for aggravated arson. None were found in which the trial judge imposed the maximum twenty year sentence. However, in State v. Simmons, 443 So.2d 512 (La.1983), a fifteen year sentence was imposed for this crime where defendant set fire to a bingo hall containing approximately 100-150 individuals.
Other courts have imposed the following sentences for aggravated arson: ten years in State v. Washington, 421 So.2d 887 (La. 1982) where defendant was a third offender and set fire to the jail where he was incarcerated; nine and one half years in State v. Smith, 448 So.2d 778 (La.App. 2nd Cir.1984) where drunk defendant set fire to the house where his wife lived; six years in State v. Williams, 457 So.2d 610 (La.1984) where defendant set fire to the hotel at which his ex-girlfriend worked; seven years in State v. Barnes, 495 So.2d 310 (La.App. 4th Cir.1986) where defendant set fire to ex-girlfriend’s house.
Notwithstanding the absence of decisions in which the trial court imposed a maximum penalty for aggravated arson, given the facts of this case we conclude that it was not an abuse of the trial court’s discretion in imposing this sentence. The defendant indicated his intention to set fire to his ex-girlfriend’s apartment and to kill her, her boyfriend, her brother and her five children. He stayed outside the apartment waving a gun so that the occupants of the house, even though the apartment was on fire, were afraid to leave the apartment for fear of being shot. Under these facts the imposition of the maximum penalty was warranted. The sentence is not disproportionate to the crime. Nor does the imprisonment result in “purposeless and needless imposition of pain and suffering” since the trial court correctly concluded that the defendant’s incarceration was necessary to protect the public.
Accordingly, for the reasons discussed the conviction and sentence are affirmed.
AFFIRMED.
PLOTKIN, J., dissents with reasons.