DUFRESNE, Judge.
The defendant, Dennis Silvestri was charged by bill of information with one count of aggravated burglary in violation of LSA-R.S. 14:60, and five counts of simple burglary of an inhabited dwelling in violation of LSA-R.S. 14:62.2. On November 11,1987, he was tried and found guilty of one count of simple burglary and four counts of burglary of an inhabited dwelling. On January 19, 1988, he was sentenced to five twelve year terms, four of which were to be served concurrently and one to be served consecutively.
From the conviction and sentence the defendant has appealed, urging one assignment of error, that the trial court imposed an excessive sentence.
In this case, the defendant was sentenced to four terms of twelve years at hard labor, to be served concurrently and one term of twelve years at hard labor to be served consecutively to the other four terms, for a total of twenty-four years at hard labor.
In imposing sentence, the trial court gave the following reasons:
I reviewed the sentencing guidelines in Article 894.1 of the Code of Criminal *926 Procedure, those sentencing guidelines require that the Court particularize the sentence to the defendant and to the particular facts of the case. In Count One this defendant was charged with the crime of aggravated burglary and as I’ve noted was convicted to a responsive verdict of simple burglary. He was not convicted of aggravated burglary because there was some heresay [sic] statements about a weapon which could not be admitted at the time of trial and therefore that evidence was not admitted against him. But in that burglary, the victim’s home was ransacked and the victim actually chased the defendant, while she could not identify him, uh, and the heresay [sic] statement that she made was that he had something in his hand, which she believed was a knife but, as I say, her testimony was not admitted regarding his carrying a knife. The crime scene technician lifted prints of this defendant and he was convicted by me of simple burglary. These other charges all involved residential burglaries. I’ve noted that this defendant had a prior record, that is, he has three felony convictions of simple burglary. He has one prior conviction for attempt possession of the drug known as PCP. After considering the sentencing guideline it is my opinion that this defendant should be sentenced to the maximum sentence allowed by law.
Although the trial judge states that he considered the factors of C.Cr.P. art. 894.1, he does not state his factual determinations of the existence of those factors. Thus it might be concluded that inadequate compliance with C.Cr.P. art. 894.1 existed. However, the record reflects that the defendant is a thirty-four year old male with three prior convictions for simple burglary and one prior conviction for attempted possession of PCP. As a result, the defendant is ineligible for parole. LSA-R.S. 15:574.4. Although the defendant testified that he worked for Lykes Brothers Steamship Company, he did not answer the prosecutor’s questions or how he had supported himself during the period of the burglaries. The defendant does have a live-in girlfriend who testified that he contributes to the support of her daughter, whom he fathered.
In addition, the burglaries all occurred on different dates and did not constitute a common plan or scheme or a single course of criminal conduct. Thus, the trial court could have imposed a maximum sentence of sixty years at hard labor for the five convictions despite the trial court’s assertion to the contrary. LSA-R.S. 14:62; LSA-R.S. 14:62.2; C.Cr.P. art. 883; State v. Wilder, 499 So.2d 432 (La.App. 2nd Cir.1986); State v. Glasper, 446 So.2d 911 (La.App. 1st Cir.1984); State v. McElveen, 439 So.2d 601 (La.App. 1st Cir.1983). Thus, the twenty-four year sentence received by the defendant is less than one-half the maximum he could have received.
The sentence here is not excessive. It is not the function of a reviewing court to substitute its judgment for that of the trial court, but rather to determine if the trial court abused its broad sentencing discretion. The record supports the sentence imposed. This assignment has no merit.
In reviewing the record, we find that the trial judge did not indicate that the defendant was given credit for any time served prior to sentencing, in violation of C.Cr.P. art. 880. Accordingly, the sentence will be amended.
DECREE
For the foregoing reasons, the conviction and the sentence are affirmed with the amendment that credit be given for time served prior to sentencing.
AMENDED AND AFFIRMED AS AMENDED.